**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| RONNIE MORRIS, | : | Civil No. 10-0307 (NLH) |
| Petitioner, | : | |
| v. | : | **OPINION** |
| DONNA ZICKEFOOSE, | : | |
| Respondents. | : | |

**APPEARANCES**:

    RONNIE MORRIS, #11440-055
    F.C.I. Fort Dix
    P.O. Box 2000
    Fort Dix, New Jersey  08640
    Petitioner <u>Pro</u> <u>Se</u>

**HILLMAN**, District Judge

    Petitioner Ronnie Morris filed a Petition challenging the calculation of his sentence by the Bureau of Prisons ("BOP").[1] For the reasons set forth below, the Court will summarily dismiss the Petition with prejudice.  <u>See</u> 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).

**I.  BACKGROUND**

    Petitioner is currently serving a federal sentence of 12 months imposed on August 19, 2009, by the United States District

---

[1] Petitioner labeled the pleading as "PETITION FOR EMERGENCY WRIT OF MANDAMUS PURSUANT TO 28 USC § 1361 AND THE ALL WRITS ACT 28 USC § 1651(a)." (Docket entry #1.)  However, because Petitioner seeks speedier release, the matter is properly brought under 28 U.S.C. § 2241.  <u>See</u> <u>infra</u> Part II.B.

Court for the Western District of New York for violation of supervised release.  See United States v. Morris, Crim. No. 04-0170 (RJA) judgment (W.D.N.Y. filed Aug. 31, 2009).  Petitioner asserts that the BOP miscalculated his projected release date as May 15, 2010, when it should be 36 days earlier or April 9, 2010.  Specifically, he argues that the BOP erred in calculating his prior custody credit pursuant to 18 U.S.C. § 3585(b)(1) by giving him 95 days of prior custody credit instead of 131 days.  He maintains that the BOP erred by failing to give him jail credit for the period between August 19, 2009, and September 23, 2009, which is 36 days.  As a result of this error, Petitioner reasons that his 90-day pre-release custody placement date in a community corrections center should be moved up to January 11, 2010, from February 15, 2010.

Petitioner asserts that he submitted at least three administrative remedy requests to officials at FCI Fort Dix, in which he raised the miscalculation issue, but he received no written response.  Attached to the Petition are copies of Petitioner's administrative remedy requests, as well as the BOP's Sentence Monitoring Computation Data sheet dated January 11, 2010.  The BOP calculates Petitioner's 12-month sentence as commencing on August 19, 2009, the date Chief Judge Arcara imposed it.  The BOP gave Petitioner 95 days of prior custody credit pursuant to 18 U.S.C. § 3585(b) (from September 23, 2008,

through November 20, 2008, and July 14, 2009 through August 18, 2009). The BOP determined that Petitioner was not entitled to receive any good conduct time. Petitioner's projected release date is May 15, 2010.

## II.  DISCUSSION

A.  Standard of Review

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994); United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). Habeas Rule 4 requires the Court to examine a petition prior to ordering an answer and to summarily dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).

B.  Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless – . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

A federal court has jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody"

3

and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001). This Court has subject matter jurisdiction over the Petition because "[s]ection 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-486 (3d Cir. 2001); Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976).

C.  The Merits

The United States Code specifies that a federal sentence commences on the date the prisoner is received at the detention facility at which the sentence is to be served. See 18 U.S.C. § 3585(a). The code gives the BOP authority to credit against the sentence time served prior to the commencement of the sentence. See 18 U.S.C. § 3585(b). Section 3585 provides, in relevant part:

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date

4

>   the sentence commences-
>
>   (1) as a result of the offense for which the sentence was imposed; or
>
>   (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
>   that has not been credited against another sentence.

18 U.S.C.A. § 3585 (a), (b).

In his habeas Petition, Petitioner argues that the BOP improperly failed to give him 36 days of prior custody credit reflecting his incarceration from August 18, 2009 (the day before imposition of the sentence) through September 23, 2009. However, the Sentence Monitoring Computation Data sheet shows that the BOP in fact gave Petitioner credit against his sentence for this period, insofar as the BOP calculates the 12-month sentence as commencing on August 19, 2009, the day it was imposed. If the sentence commenced on August 19, 2009, and Petitioner were also given the credit he seeks, i.e., the 36 days from August 18, 2009, through September 23, 2009, then this 36-day period would be counted twice. This Court holds that the BOP correctly calculated Petitioner's sentence as commencing on August 19, 2009, and correctly gave Petitioner 95 days of prior custody credit.

Although Petitioner does not argue that the BOP improperly denied good conduct time, this Court observes that the BOP did

not abuse its discretion in determining that Petitioner is not entitled to good conduct time.  See 18 U.S.C. § 3624(b).  Section 3624(b), entitled "Credit toward service of sentence for satisfactory behavior," provides in relevant part:

> (1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year[,] other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree. Credit that has not been earned may not later be granted. Subject to paragraph (2), credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.
>
> (2) Notwithstanding any other law, credit awarded under this subsection after the date of enactment of the Prison Litigation Reform Act shall vest on the date the prisoner is released from custody.

18 U.S.C. § 3624 (b)(1), (b)(2).

Since Petitioner is not "serving a term of imprisonment of more than 1 year," 18 U.S.C. § 3624(b)(1), he is statutorily ineligible to receive good conduct time. See O'Donald v. Johns, 402 F.3d 172 (3d Cir. 2005) (BOP did not abuse its discretion by calculating good conduct time based on the time actually served, rather than the sentence imposed); Kaplan v. Wilkins, 946 F. 2d 885 (4th Cir. 1991) (statutory scheme of 18 U.S.C. § 3624(b)(1), which precludes inmates serving sentences of one year or less from receiving good conduct time, does not violate equal protection) (table).[2]

As the face of the Petition, together with the attachments, show that Petitioner is not entitled to relief because the BOP did not abuse its discretion in calculating Petitioner's projected release date as May 15, 2009, this Court will dismiss the Petition.

---

[2] Cf. United States v. Crepeau, 215 Fed. App'x 746, 748 n. 1 (10th Cir. 2007) (noting that the District Court imposed a sentence of 12 months and one day "to allow Mr. Crepeau to receive credit for good behavior in prison, which is only available for sentences greater than one year [under] 18 U.S.C. § 3624(b)(1)"); United States v. Rhodes, 145 F. 3d 1375, 1380 (D.C. Cir. 1998) (observing that, under § 3634(b)(1), prisoners are not eligible for good conduct credits unless "their sentences exceeded one year but were not for life").

### III. CONCLUSION

Based on the foregoing, the Court will dismiss the Petition.

/s/ NOEL L. HILLMAN
**NOEL L. HILLMAN, U.S.D.J.**

Dated:  January 27, 2010

At Camden, New Jersey

8